UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARTECA HOLDINGS LLC and
BARTECA INTERMEDIATE HOLDINGS LLC,

                                    *Plaintiffs*,

                    *v.*

TACOBARN NEWTOWN LLC and
TACOBARN GREENWICH LLC,

                                    *Defendants*.

3:26-cv-250-VDO

May 20, 2026

**DEFENDANTS' MOTION TO EXCLUDE EXTRINSIC EVIDENCE
AND TO DIRECT PLAINTIFFS TO FILE A CONFORMING
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendants Tacobarn Newtown LLC and Tacobarn Greenwich LLC respectfully move this Court, pursuant to Rule 12(d), *Fed. R. Civ. P.*, and the Court's inherent authority over the management of its docket, for an order:

(1) excluding the expert report of Dr. Jesse Egbert dated May 8, 2026 (ECF No. 27-1, the "Egbert Report"), submitted by plaintiffs in opposition to defendants' motion to dismiss (ECF No. 24), and declining to consider the same for any purpose on that motion;

(2) directing plaintiffs to file, within seven days, a revised memorandum of law in opposition that removes all citations to, factual assertions drawn from, and arguments dependent upon the Egbert Report; and

(3) enlarging defendants' time to file their reply memorandum to 21 days after the filing of plaintiffs' conforming opposition; or, if the Court declines to

require a conforming opposition, enlarging defendants' time to 21 days after the determination of this motion.

This motion therefore asks the Court to enforce the pleadings-stage boundary by excluding plaintiffs' post-complaint expert report and requiring a conforming opposition that presents the Rule 12(b)(6) issues on the proper record.

The grounds for this motion are set forth below.

## ARGUMENT

### I.
### The Scope of Review on a Rule 12(b)(6) Motion
### Is Confined to the Pleadings

The governing rule is settled. On a motion to dismiss under Rule 12(b)(6), the Court's review is limited to "the complaint, any written instrument attached to it as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). A court may also take judicial notice of adjudicative facts under *Fed. R. Evid.* 201(b). *Id.* If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Fed. R. Civ. P.* 12(d).

The Second Circuit has recently reaffirmed the strictness of that boundary. In *Pearson v. Gesner*, 125 F.4th 400 (2d Cir. 2025), the court held it was error to consider a defendant-created misbehavior report and video on a Rule 12(b)(6) motion where the pro se plaintiff did not rely on those materials in drafting the pleading, even though the materials were in the record and were argued to be "integral." *Id.* at 409–

12. If even materials appended to or offered in connection with a pleading may not be considered unless the complaint in substance relies on their terms and effect, *Chambers*, 282 F.3d at 153, then *a fortiori* a litigation-generated expert report—prepared months after the complaint was filed, never referenced in it, and submitted only with an opposition brief—falls outside Rule 12(b)(6) review.

The four-corners rule is deeply rooted in this Circuit. In *Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000), the Second Circuit held that "[w]hen presented with a 12(b)(6) motion, the district court may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment." The court explained that the "conversion requirement is strictly enforced whenever there is a 'legitimate possibility' that the district court relied on material outside the complaint in ruling on the motion." *Id.* at 83 (quoting *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999)). And a district court errs when it "relies on factual allegations contained in legal briefs or memoranda" to decide a Rule 12(b)(6) motion. *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988). See also *Kopec v. Coughlin*, 922 F.2d 152, 155–56 (2d Cir. 1991) (Rule 12 requires exclusion or conversion when affidavits/exhibits are considered); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991) (documents may be considered at Rule 12 only when plaintiffs had notice of them and relied on them in bringing suit).

## II.
## The Egbert Report Is Extrinsic Evidence That May Not
## Be Used to Oppose Defendants' Motion to Dismiss

Earlier today, plaintiffs filed their opposition to defendants' motion to dismiss (ECF No. 27). Accompanying that filing was the expert report of Dr. Jesse Egbert dated May 8, 2026 (ECF No. 27-1) (the "Egbert Report"), a post-complaint submission opining on phonological, orthographic, semantic, and even Google-search-related similarities between BARTACO and TACOBARN. The report is not referenced in the complaint, is not attached to it, is not incorporated by reference, is not integral to it, and is not judicially noticeable. It is, by its own terms, a litigation expert report prepared at plaintiffs' request for use in this action. Egbert Report ¶¶ 8–12.

None of the recognized exceptions to the four-corners rule applies:

**Not incorporated by reference.** The Egbert Report is neither referenced in nor attached to the complaint. The complaint was filed on February 18, 2026; the report is dated May 8, 2026. A document that did not exist when the complaint was filed cannot have been incorporated into that complaint by reference.

**Not "integral" to the complaint.** A document is "integral" only where the complaint "relies heavily upon its terms and effect." *Chambers*, 282 F.3d at 153. Here, the complaint does not mention Dr. Egbert, does not cite any linguistic study, and does not premise plausibility on expert analysis of perception, phonology, recall, or internet search behavior. The Egbert Report may be important to plaintiffs' opposition strategy; it is not integral to plaintiffs' pleading.

**Not subject to judicial notice.** The Egbert Report consists of expert opinions, original analysis, and citations to published research. Such opinions and asserted findings are not "facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" within the meaning of *Fed. R. Evid.* 201(b)(2). Nor are the report's disputed, case-specific assertions—e.g., the supposed perceptual insignificance of a final "n," consumers' ability to recall noun order in novel compounds, or claimed Google search results—proper subjects of judicial notice.

Despite the inapplicability of any recognized exception, plaintiffs have woven the Egbert Report into the fabric of their opposition. It is cited or relied on—by the undersigned's count—no fewer than 28 times across ten pages, including in Sections IV.A.2.ii, IV.A.3, and IV.A.4. The brief does not cite the report merely as background. It relies on the report to supply new, disputed factual propositions about sound, salience, recall, and search behavior that are nowhere alleged in the complaint and that plaintiffs offer to defeat dismissal.

**III.**
**Plaintiffs May Not Use a Post-Complaint Expert Report**
**to Repair the Pleadings-Stage Record**

Defendants do not retreat from the position advanced in the motion to dismiss: the Court can and should decide that motion under Rule 12(b)(6), on the complaint and other materials properly cognizable at the pleadings stage, and dismiss because plaintiffs have not plausibly alleged a likelihood of confusion as a matter of law. This

motion presents a narrower procedural question: whether plaintiffs may resist dismissal by supplementing the Rule 12(b)(6) record with a litigation-generated expert report. They may not.

That distinction matters. Plaintiffs are free to dispute defendants' merits position—but they may not change the procedural framework governing the motion. A complaint either states a claim or it does not, based on what was pleaded. Plaintiffs cannot cure pleading-stage deficiencies, or blunt defendants' dissimilarity arguments, by attaching a post-complaint expert report to an opposition brief and asking the Court to treat the report's opinions as adjudicative facts.

Nor do defendants seek conversion, and defendants object to any effort to manufacture a Rule 56 posture by unilateral submission of extra-record expert material. The Court should decide defendants' motion to dismiss as the Rule 12(b)(6) motion it is—on the complaint and other materials properly before the Court—and should require plaintiffs to do the same.

## IV.
### The Court Should Direct Plaintiffs to File a Conforming Opposition Brief and Enlarge Defendants' Time to File Their Reply

Declining to consider the Egbert Report, though necessary, is not by itself sufficient. The problem is not a stray citation to an outside source. The problem is that plaintiffs have filed a nonconforming opposition brief materially built around extra-record expert matter. The report's conclusions are recited in the brief as though they were established facts; its technical concepts and vocabulary are imported wholesale;

and its supposed empirical findings are deployed as load-bearing responses to defendants' core dissimilarity argument.

This is therefore not a circumstance in which the Court can simply avert its eyes from an exhibit and proceed as though the opposition were otherwise procedurally proper. Section IV.A.3 of the opposition—four full pages entitled "Expert Linguistic Analysis Confirms the Marks Cannot Be Distinguished as a Matter of Law"—is devoted entirely to the report. Elsewhere, plaintiffs rely on the report for the propositions that a word-final "n" is especially non-salient, that consumers cannot reliably recall the order of nouns in novel compounds, and that Google searches for variant forms tend to favor Tacobarn. Those are not legal arguments drawn from the complaint. They are new factual assertions offered to defeat dismissal.

Because the improper material is pervasive and inseparable from the brief as filed, a conforming replacement brief is the proper remedy. Defendants are entitled to one fair adjudication of their motion to dismiss on the record Rule 12 permits—not to a moving target in which plaintiffs first file a complaint and then, when dismissal is sought, retrofit the pleading-stage record with expert matter. Requiring a clean opposition is not punitive. It simply restores the motion to the procedural posture the Federal Rules require.

The relief defendants seek is well within this Court's authority. Rule 12(d) expressly contemplates that matters outside the pleadings may be "excluded," and exclusion is the rule's default mechanism for preserving a motion's Rule 12 posture. In addition, the Court possesses inherent authority to manage its docket and require

motion papers that conform to governing procedural rules. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016).

The District's Local Rules likewise authorize the Court to insist on compliance in motion practice. Local Civil Rule 7(a) requires that motions and opposition papers be supported by memoranda of law that conform to the Local Rules' form requirements, and it provides that "[f]ailure to submit a required memorandum may be deemed sufficient cause to deny the motion." D. Conn. L. Civ. R. 7(a)(1). Where an opposition is materially nonconforming because it is built on matter outside the Rule 12(b)(6) record, the Court may, in the exercise of its case-management discretion, direct the filing of a conforming replacement brief so the motion can be decided on the proper procedural footing.

Because the filed opposition does not present the Rule 12(b)(6) question on a proper Rule 12 record, defendants respectfully submit that the Court direct plaintiffs to refile their opposition in conforming form—rather than require the Court (and defendants) to parse, line by line, which "facts" are pleaded and which are imported from the Egbert Report. A replacement brief is particularly appropriate where, as here, the extra-record material is not collateral but central to plaintiffs' principal response to the motion to dismiss.

Defendants therefore respectfully request that the Court direct plaintiffs to file, within seven days, a revised memorandum of law in opposition to defendants' motion to dismiss that omits all references to, and all argument or factual assertions

derived from, the Egbert Report or any other matter outside the pleadings or materials otherwise cognizable on a Rule 12(b)(6) motion.

Finally, defendants request that their time to file a reply memorandum in support of the motion to dismiss be enlarged to 21 days after the filing of that conforming opposition; or, in the alternative, if the Court declines to direct a conforming opposition, to 21 days after the determination of this motion.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court enter an order (1) excluding the Egbert Report from consideration on defendants' motion to dismiss; (2) directing plaintiffs to file, within seven days, a conforming opposition brief omitting all references to, and arguments or factual assertions derived from, the Egbert Report; and (3) enlarging defendants' time to reply as set forth above.

May 20, 2026

Respectfully submitted,

*/s/ Hilary B. Miller*
HILARY B. MILLER (CT10410)
500 West Putnam Avenue – Suite 400
Greenwich, Connecticut 06830-6096
Telephone: (203) 587-7000
Facsimile: (914) 206-3727
Email: hilary@miller.net

*Attorney for Defendants*