## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Barteca Holdings LLC<br>Barteca Intermediate Holdings LLC<br><br>Plaintiffs,<br><br>v.<br><br>tacobarn Newtown LLC<br>tacobarn Greenwich LLC<br><br>Defendants. | Case No. 3:26-cv-00250-VDO<br><br><br>May 27, 2026 |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
### DEFENDANTS' MOTION TO EXCLUDE EXTRINSIC EVIDENCE
### AND TO DIRECT PLAINTIFFS TO FILE A CONFORMING OPPOSITION

### I.    INTRODUCTION

Defendants' motion to exclude (ECF No. 28) an expert report ("Egbert Report"), if granted, would supposedly restore the boundary between pleading from fact-finding. Yet, as described below, Defendants' own motion to dismiss breaches that boundary, and in more than one way. Accordingly, the Egbert Report makes a fact-based case for why fact-finding should not contaminate the pleadings stage. Just as a parliamentarian can interrupt the speaker to say another member is out of order – without *themselves* being out of order – the Egbert Report speaks the language of fact-finding to show why Defendants' attempt at fact-finding is untimely.

Defendants do not seriously contend that the Complaint fails to allege the elements of trademark infringement, trade dress infringement, or the related state-law claims. Yet Defendants insist the Egbert Report was submitted to "repair" the pleadings or to "cure" any deficiencies after the fact. In truth, the Egbert Report was included for an entirely proper purpose: to

4937-1965-2784, v. 1

demonstrate to the Court that the dissimilarity argument raises factual questions that cannot be resolved on a motion to dismiss.

Defendants' overall approach reveals the tension at the heart of their position. They effectively ask the Court to *resolve* a factual question at the pleading stage while simultaneously insisting that the Court cannot *consider* contrary evidence which bears on that question. That is not how Rule 12(b)(6) works. If the dissimilarity evidence is genuinely dispositive, it is a question for summary judgment or trial, where both parties may submit evidence. If it is a question for the pleadings, then the well-pled allegations of the Complaint—which defendants do not challenge—control.

If any dissimilarity facts were not properly included and are outside the Rule 12(b)(6) record, then the Court has a simple, well-established solution. It may decline to consider it and decide the motion on the pleadings alone. It need not, and should not, order the extraordinary relief defendants seek: mandatory rebriefing, and an extended delay in the resolution of their motion, which plaintiffs are confident they will defeat on the pleadings alone.

## II.    THE EGBERT REPORT WAS PROPERLY SUBMITTED TO DEMONSTRATE THE EXISTENCE OF A FACTUAL DISPUTE

Defendants characterize the Egbert Report as an attempt to "repair the pleadings-stage record" or "cure pleading-stage deficiencies." ECF No. 28 at 5-6. That mischaracterizes both the purpose of the submission and the posture of the case. There are no pleading-stage deficiencies to cure. The Complaint independently states a plausible claim. The Egbert Report was submitted for a different and entirely proper purpose: to demonstrate to the Court that the factual premises underlying defendants' dissimilarity argument are contested and cannot be resolved as a matter of law.

Defendants' motion to dismiss rests on the assertion that BARTACO and TACOBARN convey "opposite commercial impressions" based on differences in word order, phonetic structure, and semantic connotation. ECF No. 24-1 at 6–14. These are not legal arguments. They are factual propositions about how consumers perceive, process, and recall compound trademarks, precisely the kind of questions on which expert testimony is relevant and, ultimately, necessary. The Egbert Report demonstrates that trained linguists, applying established principles of phonology, morphology, and psycholinguistics, reach conclusions that directly contradict defendants' attorney argument about dissimilarity. That is the definition of a factual dispute unfit for resolution on a motion to dismiss.

Even if the Court ultimately excludes the Egbert Report from the Rule 12(b)(6) record, the proffer serves the legitimate purpose of previewing the evidentiary landscape. It shows the Court that when this case proceeds—whether through denial of the motion to dismiss or at the preliminary injunction stage—plaintiffs will present expert evidence establishing that the marks are confusingly similar. The forthcoming motion for preliminary injunction will formally introduce the Egbert Report into the evidentiary record. Defendants will have every opportunity to challenge it at that stage.

## III. DEFENDANTS' RELIANCE ON THE TTAB PROSECUTION HISTORY IN THEIR MOTION TO DISMISS ALSO DEVIATES FROM THEIR EVIDENCE STANDARD

The irony of defendants' motion is difficult to overstate. Defendants ask the Court to exclude plaintiffs' expert report as extrinsic evidence outside the four corners of the Complaint, while their own motion to dismiss relies heavily on the TTAB prosecution history of plaintiffs' registrations—a document that is likewise not referenced in, attached to, or integral to the Complaint. See ECF No. 24-1 at 15–16.

Defendants invoke the TTAB decision in *In re Barteca Restaurants, LLC*, Ser. Nos. 85202482 & 85202583 (T.T.A.B. Feb. 1, 2013), under the rubric of judicial notice. But the manner in which they use it far exceeds the permissible scope of judicial notice on a Rule 12(b)(6) motion. The Second Circuit has made clear that judicial notice of public records at the pleading stage is limited to establishing the fact of a document's existence and its public availability—not the truth of contested assertions derived from those records. *Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.); Global Network Communs., Inc. v. City of New York, 482 F.3d 150, 156 (2d Cir. 2006).*

Defendants do not cite the TTAB decision merely to establish that it exists. They cite it for a contested factual proposition: that the "unnatural order of the words" in BARTACO is what makes the mark registrable, and that this supposedly proves TACOBARN—which uses the "more natural food-plus-establishment sequence"—conveys a fundamentally different commercial impression. ECF No. 24-1 at 15. That is not judicial notice. That is argument built on a selective reading of an administrative record, offered to support a disputed factual conclusion about consumer perception.

If defendants are permitted to draw factual inferences from the TTAB prosecution history, in an attempt to support their dissimilarity argument, then plaintiffs should be permitted to respond with evidence that rebuts those inferences. Defendants should not be allowed to invoke the prosecution record to make their case, while simultaneously barring plaintiffs from offering expert analysis that contradicts the very conclusions defendants try to draw from that record.

4

**IV.     THERE IS NO PRECEDENT AND NO PURPOSE FOR AN ORDER TO REBRIEF EVEN IF EXLCUSION IS PROPER**

Defendants' entire argument for the relief they seek – namely an order to amend the Opposition and extend Defendants' reply deadline by 21 days – contains no legal citations in support. 6-9. The best that Defendants can muster is two cases for the proposition that this Court has *general* authority to manage its docket and enforce its "governing rules." 7-8. And the most relevant 'governing rule' Defendants can invoke is Local Rule 7(a)(1). Mot. Excl. Dir. 8; Conn. L. Civ. R. 7(a)(1). Defendants themselves quote from it: "Failure to submit a required memorandum may be deemed sufficient cause to deny the motion." *Id*. This is about the omission of a required memorandum *in its entirety* and does not require a party to file "a conforming replacement brief" for any and all defects.

More relevant is Rule 12(d) itself. It gives the Court two options when extrinsic materials are submitted. The Court may exclude the materials and decide the motion on the pleadings, or it may convert it to a motion for summary judgment. Fed. R. Civ. P. 12(d). There's no third option for court-ordered rebriefing.

Having no authority to cite, Defendants nevertheless articulate a test for remedial briefing – one presumably of their own making. If the brief is "materially built around extra-record…matter," i.e. if the "improper material is pervasive and inseparable from the brief," and if the improper and extra-record "empirical findings are deployed as load-bearing responses to defendants'" argument, then the Court cannot "simply avert its eyes": it must order an amended brief and extend the deadline for reply. 6-7.

In fact, the 'improper' and 'extra-record' material does not 'pervade' the brief, nor are the two 'inseparable.'. The material is at pages 18-22, in a self-contained section, (IV)(A)(3). The few internal references to that section could be simply ignored, along with the section itself. The

5

remaining arguments can be evaluated, as they are grounded in the pleadings, in public records subject to judicial notice, and in legal authority. This Court can easily consider the low pleading threshold for trademark infringement, the fact-intensive nature of the *Polaroid* analysis, the well-pleaded factual allegations of insider copying and overlapping markets. Far from 'bearing the load' of Plaintiffs' argument, the Expert Report merely supplements common-sense assertions already made in the course of these arguments.

More fundamentally, 'averting one's eyes,' and declining to consider material on a motion to dismiss, is routine and well-attested in the Second Circuit. *Pyatt v. Raymond*, 2012 U.S. App. LEXIS 2736, *24 (2d Cir. 2012) ("The district court did not err by declining to examine [reports attached to an opposition to a motion to dismiss]."); *Jordache Enters. v. Affiliated FM Ins. Co.*, 2022 U.S. Dist. LEXIS 60833, *19 n. 8 (S.D.N.Y. 2022) ("Accordingly, the Court will not consider [reports attached to the opposition to a motion to dismiss] in deciding this motion to dismiss."); *Tang Cap. Partners, LP v. BRC Inc.*, 2023 U.S. Dist. LEXIS 39096, *60-61 (S.D.N.Y. 2023) (denying a motion to strike improper material on a motion to dismiss because it was "unnecessary," as the court "did not consider those materials in deciding the motion[.]").

## V.        CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court deny defendants' motion in its entirety. Plaintiffs ask that this Court decline to issue the requested order for an amended opposition brief and decline to extend the date by which Defendants' reply is due.

Barteca Holdings LLC
Barteca Intermediate Holdings LLC
Respectfully Submitted,


May 27, 2026                                        /s/ Gregory S. Kimmel
                                                   Gregory S. Kimmel (ct28203)
                                                   Berchem Moses PC
                                                   1221 Post Road East, Suite 301
                                                   Westport, CT 06880
                                                   Telephone No.: (203) 227-9545
                                                   Juris No.: 065850
                                                   Email: gkimmel@berchemmoses.com

                                                   Walter B. Welsh (ct27210)
                                                   Welsh IP Law LLC
                                                   PO Box 1267
                                                   Darien, CT 06820
                                                   Tel:  203-321-6303

                                                   Email: litigation@welshiplaw.com
                                                          walter@welshiplaw.com

                                                   ATTORNEYS FOR PLAINTIFFS

4937-1965-2784, v. 1

## <u>CERTIFICATE OF SERVICE</u>

I, [], hereby certify that on May 27, 2026, a true and correct copy of the following documents was filed electronically via the Court's CM/ECF system, which will send notification of such filing to all counsel of record:

1.    Plaintiffs' Memorandum Of Law In Opposition To Defendants' Motion To Dismiss.

/s/ Gregory S. Kimmel, Esq.

4937-1965-2784, v. 1