UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x

BARTECA HOLDINGS LLC and                     :
BARTECA INTERMEDIATE HOLDINGS LLC,           :
                                             :
                          Plaintiffs,        :        **ORDER TO SHOW**
                                             :        **CAUSE**
          -against-                          :
                                             :        26-CV-250 (VDO)
TACOBARN NEWTOWN LLC and                     :
TACOBARN GREENWICH LLC,                      :
                                             x
                          Defendants.

------------------------------------------------------------------

**VERNON D. OLIVER**, United States District Judge:

On April 21, 2026, Defendants in this matter filed a Motion to Dismiss. *See* ECF No.

24. On May 20, 2026, Defendants filed a Motion to Exclude Extrinsic Evidence and to Direct

Plaintiffs to File a Conforming Opposition to Defendants' Motion to Dismiss. *See* ECF No. 28

(hereinafter, together with the Motion to Dismiss, the "Motions"). Upon review of the Motions,

the Court discovered that they are riddled with case quotes that do not exist, erroneous

citations, and misrepresentations of the law.

Specifically, in the Motion to Dismiss, the Court notes the following:

| Case Law in the Motion | Notes |
|---|---|
| ECF No. 24-1 at 8: The Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor, but is not required to credit "bare assertions," "conclusory allegations," or legal conclusions couched as factual statements. *Id.* (referring to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) | Erroneous citation. Quotations do not exist on cited page. "Bare assertions" appears on page 681 and in the dissent. "Conclusory allegation" (singular) appears on 686. The most similar terms used on page 678 are "labels and conclusions" and "naked assertion[s]." |
| ECF No. 24-1 at 9–10: Incontestability bars certain validity challenges, but it does not convert a conceptually weak mark into a strong one or expand the scope of protection against nonidentical marks. *Park 'N Fly,* | Mischaracterization of the law. *Streetwise* doesn't address incontestability at all. |

| | |
|---|---|
| *Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 205 (1985); *Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 744 (2d Cir. 1998). | |
| ECF No. 24-1 at 14: Despite this seemingly favorable balance, the court held that the plaintiff's complaint must be dismissed because the marks actually presented to consumers—1-800 CONTACTS on the one hand, and WARBY PARKER on the other—were "substantially different." *Id.* at 251. | Erroneous citation. Citation should be to pages 249–50. |
| ECF No. 24-1 at 20: The Second Circuit has explained why that requirement is substantive rather than technical: "Without such a precise expression of the character and scope of the claimed dress, it is impossible to evaluate the degree to which the alleged trade dress is distinctive, or the scope of protection, if any, to which it is entitled, and courts will be unable to shape narrowly tailored relief." *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997). | Quote does not exist. Instead, case says:<br><br>Without such a precise expression of the character and scope of the claimed trade dress, litigation will be difficult, as courts will be unable to evaluate how unique and unexpected the design elements are in the relevant market. Courts will also be unable to shape narrowly-tailored relief if they do not know what distinctive combination of ingredients deserves protection.<br><br>*Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997). |
| ECF No. 24-1 at 21: A plaintiff "must articulate the specific elements that comprise the alleged trade dress and cannot claim an amorphous overall style." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 116–17 (2d Cir. 2001); see also *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 32 (2d Cir. 1995); *O Zon Inc. v. Charles*, 272 F. Supp. 2d 307, 317–18 (S.D.N.Y. 2003). | Quote does not exist. *Yurman* says that a plaintiff "must articulate the design elements that compose the trade dress" at the bottom of page 116, but nothing about amorphous overall style.<br><br>As to *O Zon*, erroneous citation. *O Zon* ends on page 314. |
| ECF No. 24-1 at 25: Courts in this Circuit routinely dismiss trade dress claims at the pleading stage where the plaintiff alleges only a generalized "concept" without identifying what makes the design distinctive. *O Zon*, 272 F. Supp. 2d at 317–18. | Erroneous citation. *O Zon* ends on page 314. |

2

| | |
|---|---|
| ECF No. 24-1 at 26: In trademark cases, the Second Circuit recognizes that declaratory relief is justified only when it clarifies and settles the legal relations in issue or terminates the uncertainty giving rise to the proceeding. *Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 595–96 (2d Cir. 1996). | Mischaracterization of the law and erroneous citation. Declaratory judgment is required when these two conditions are met; this is not the *only* time declaratory relief is possible. Additionally, the proposition appears on page 597. |
| ECF No. 24-1 at 26–27: Where a declaratory judgment claim presents no distinct controversy but merely restates the defense to the plaintiff's own affirmative claims, the district court may exercise its discretion to dismiss it, since it can neither clarify nor settle anything beyond what the substantive counts will resolve. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995). | Misrepresentation of the law. This case does not stand for the asserted proposition. |
| ECF No. 24-1 at 27: Here, Count VI will rise or fall with the Court's resolution of the infringement and unfair-competition counts. Because those substantive claims already present the same controversy and will fully determine the parties' rights, the declaratory-judgment claim is redundant and may be dismissed in the Court's discretion. See *Wilton v. Seven Falls Co.*, 515 U.S. at 282–89. | Misrepresentation of the law. This case does not stand for the asserted proposition. |

With respect to the Motion to Exclude Extrinsic Evidence, the Court notes the following:

| Case Law in the Motion | Notes |
|---|---|
| ECF No. 28 at 2: The governing rule is settled. On a motion to dismiss under Rule 12(b)(6), the Court's review is limited to "the complaint, any written instrument attached to it as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). | Quote does not exist. Instead, the case says: For purposes of this rule, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 |

| | |
|---|---|
| | (2d Cir.1991)); *see* Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint. *Int'l Audiotext,* 62 F.3d at 72.<br><br>*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). |
| ECF No. 28 at 2: A court may also take judicial notice of adjudicative facts under *Fed. R. Evid.* 201(b). *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). | Mischaracterization of the law. Case does not stand for this proposition. Nothing about FRE 201(b) appears in *Chambers*. |
| ECF No. 28 at 2–3: The Second Circuit has recently reaffirmed the strictness of that boundary. In *Pearson v. Gesner*, 125 F.4th 400 (2d Cir. 2025), the court held it was error to consider a defendant-created misbehavior report and video on a Rule 12(b)(6) motion where the pro se plaintiff did not rely on those materials in drafting the pleading, even though the materials were in the record and were argued to be "integral." *Id.* at 409–12. | Erroneous citation. *Pearson v. Gesner* does not contain pages 410–12. |
| ECF No. 28 at 3: In *Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000), the Second Circuit held that "[w]hen presented with a 12(b)(6) motion, the district court may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment." | Quote does not exist. Instead, the case says:<br><br>[W]hen matters outside the pleadings are presented in response to a 12(b)(6) motion," a district court must either "exclude the additional material and decide the motion on the complaint alone" or "convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." *Fonte v. Board of Managers of Continental Towers Condominium,* 848 F.2d 24, 25 (2d Cir. 1988). |

4

| | |
|---|---|
| | *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000). |
| ECF No. 28 at 3: And a district court errs when it "relies on factual allegations contained in legal briefs or memoranda" to decide a Rule 12(b)(6) motion. *Fonte v. Bd. Of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988). | Quote does not exist. Instead, the case says: <br><br> Factual allegations contained in legal briefs or memoranda are also treated as matters outside the pleading for purposes of Rule 12(b). <br><br> *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988). |
| ECF No. 28 at 3: See also *Kopec v. Coughlin*, 922 F.2d 152, 155–56 (2d Cir. 1991) (Rule 12 requires exclusion or conversion when affidavits/exhibits are considered) | Erroneous citation. Relevant discussion appears on pages 154–55. |
| ECF No. 28 at 3: *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991) (documents may be considered at Rule 12 only when plaintiffs had notice of them and relied on them in bringing suit). | Mischaracterization of the law. Case does not stand for the proposition that documents at Rule 12 may "*only*" be considered if plaintiff had notice of them and relies on them in bringing suit. <br><br> Instead, it says that in the context of security fraud cases, "when a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure" and "when a district court decides a motion to dismiss a complaint alleging securities fraud, it may review and consider public disclosure documents required by law to be and which actually have been filed with the SEC, particularly where plaintiff has been put on notice by defendant's proffer of these public documents. *Cortec Indus., Inc. v. Sum* |

5

|  | *Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). |
|  | The case then goes on to say that a "finding that plaintiff has had notice of documents used by defendant in a 12(b)(6) motion is significant since, as noted earlier, the problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered; it is for that reason—requiring notice so that the party against whom the motion to dismiss is made may respond—that Rule 12(b)(6) motions are ordinarily converted into summary judgment motions. Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Id.* at 48. |
|  | In any case, it is unclear how *Cortec* applies to the instant case, where it is Plaintiffs, not Defendants, who seek to introduce extrinsic evidence. |

Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") dictates that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." Rule 11(b) states, in relevant part, that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing

existing law or for establishing new law…

*Id.* Rule 11 "is not aspirational; it is the minimal standard of honesty that keeps the adversarial process tethered to reality." *Mattox v. Prod. Innovations Rsch., LLC*, No. 24-CV-235, 2025 WL 3012828, at *4 (E.D. Okla. Oct. 22, 2025). In short, Rule 11(b) imposes an affirmative duty on parties and counsel to ensure that all papers filed with the Court are factually and legally well-founded. "Under Rule 11, a court may sanction an attorney for, among other things, misrepresenting facts or making frivolous legal arguments." *Muhammad v. Walmart Stores East, L.P.,* 732 F.3d 104, 108 (2d Cir. 2013) (per curiam).

These obligations take on particular significance in the context of filings prepared with the assistance of generative artificial intelligence. "Federal courts increasingly confront filings prepared with the assistance of generative artificial intelligence. While such tools can enhance efficiency, they also create a new professional hazard, synthetic authority presented as precedent." *Mattox*, 2025 WL 3012828, at *5. The main problem with filings that rely on generative artificial intelligence ("AI"), of course, is that they often include hallucinations. The Court defines a "hallucination" in the context of AI-assisted legal research as one of three errors: (1) fabricated cases (whether a nonexistent case name and citation, an existing case name with an invented or erroneous citation, or a real citation that leads to a wholly unrelated decision); (2) fabricated quotations from actual cases; and (3) misstatements of law (representations of legal rules, standards, or holdings that are inaccurate, incomplete, or unsupported by any real authority, including AI-generated summaries that distort or materially alter what a case actually decided). *See Andre v. Warden, FCI Danbury*, No. 24-CV-1295 (VDO), 2025 WL 3281732, at *6 (D. Conn. Nov. 25, 2025).

In an adversarial system that depends on litigants to candidly present accurate authority, such hallucinations mislead the Court, forcing it either to expend substantial resources verifying fabricated material or, worse, risk reliance on an erroneous statement of the law. *Id.* Numerous additional concerns abound:

> "Many harms flow from the submission of fake opinions . . . The Court's time is taken from other important endeavors. The client may be deprived of arguments based on authentic judicial precedents. There is potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct. It promotes cynicism about the legal profession and the American judicial system. And a future litigant may be tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity."

*Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448–49 (S.D.N.Y. 2023).

Here, it appears to the Court that counsel for Defendants engaged in unverified use of AI. As detailed above, the Court's review of the Motions revealed numerous hallucinations, including fabricated quotations from actual cases and misstatements of the law.

Accordingly, counsel for Defendants is **ORDERED TO SHOW CAUSE** on or before **June 18, 2026**, as to why the Motions should not be stricken and why sanctions against him should not enter. The Court will hold an in-person hearing on this Order to Show Cause on **June 25, 2026, at 10:00 A.M.** All parties are instructed to attend. A separate scheduling order shall follow.

**SO ORDERED.**

Hartford, Connecticut
June 12, 2026

/s/Vernon D. Oliver     <br>VERNON D. OLIVER<br>United States District Judge