**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BARTECA HOLDINGS LLC and BARTECA INTERMEDIATE HOLDINGS LLC,<br><br>*Plaintiffs,*<br><br>*v.*<br><br>TACOBARN NEWTOWN LLC and TACOBARN GREENWICH LLC,<br><br>*Defendants.* | Civil Action No. 3:26-cv-00250-VDO<br><br>June 18, 2026 |

**DECLARATION OF HILARY B. MILLER**
**IN RESPONSE TO ORDER TO SHOW CAUSE**

I, HILARY B. MILLER, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am counsel for the defendants, Tacobarn Newtown LLC and Tacobarn Greenwich LLC, in this action. I submit this declaration in response to the Court's Order to Show Cause dated June 12, 2026.

2. I accept full and unqualified responsibility for the defects the Court identified in the Motion to Dismiss (ECF No. 24) and the Motion to Exclude Extrinsic Evidence (ECF No. 28). I signed and filed both papers, and the errors are mine. I am mortified that the Court was required to expend its time identifying problems that I should have found and corrected before filing, and I apologize without reservation to the Court, to opposing counsel, and to my clients.

3.  The errors were not intentional. I did not knowingly submit any fabricated authority, fabricated or inaccurate quotation, erroneous pin cite, misleading parenthetical, or false statement of law. That the papers nevertheless contain such errors is my responsibility, because I signed and filed them and because the verification I performed was inadequate to the task.

4.  The nature of the failure was this: I was aware, from widespread reporting, that generative artificial-intelligence tools can produce "hallucinated" legal authorities. I therefore directed my checking to whether the cited cases actually exist and whether the citations corresponded to real decisions; I compounded that error by treating an additional AI-based check as useful confirmation that the cases existed and that the citations resolved to actual decisions. I did not extend that checking to the precise text of each quotation, the accuracy of each pin cite, or the fidelity of each explanatory parenthetical and statement of law to its source. Each concern the Court identified falls within that gap.

5.  I now understand, as I should have understood before filing, that confirming that a case exists does not discharge the duty of verification. That duty also requires that every quoted passage be exact, every pin cite correct, every parenthetical a fair statement of what the authority holds or supports, and every paraphrase of law faithful to its source. My process did not adequately test for any of those things, and it should have done so.

6.  Since receiving the Court's Order, I have commenced a line-by-line review of the authorities cited in the challenged memoranda against the original source text.

Before any corrected memorandum is filed, I will personally verify each quotation, pin cite, parenthetical, and cited proposition against the source material. I do not ask the Court, in this declaration, to adjudicate citation-by-citation whether any particular authority may be used in a corrected memorandum.

7. Defendants do not ask the Court to act upon the challenged memoranda as filed.

8. Defendants will withdraw the Motion to Exclude Extrinsic Evidence and to Direct Plaintiffs to File a Conforming Opposition (ECF No. 28) in its entirety. Any question concerning the proper scope of the Rule 12 record can be addressed, if necessary, in the ordinary course of motion practice and without the Court being asked to adjudicate that motion as filed.

9. With respect to the Motion to Dismiss (ECF No. 24), I respectfully request leave to file a corrected memorandum, limited to the arguments previously advanced and revised as necessary to render correct all quotations, citations, parentheticals, and statements of law, and without advancing any new grounds for dismissal. In accepting responsibility for the defects in the filings, I do not concede that the underlying arguments are unsound, or that authorities properly cited cannot support the propositions for which they are offered; defendants continue to maintain that dismissal is warranted at the pleading stage. Any corrected memorandum will rely only upon quotations, pin cites, parentheticals, and legal propositions that I have independently verified against the source material.

10.  Plaintiffs should not be prejudiced by my error. If corrected briefing is permitted, plaintiffs should have a full and fair opportunity to respond to the corrected submission.

11.  Plaintiffs also should not bear any incremental expense caused by my having filed memoranda that require correction. I am prepared, personally, to reimburse plaintiffs for reasonable attorneys' fees and expenses caused by the need to respond again to corrected briefing, to the extent such fees and expenses are incremental to what plaintiffs would have incurred had the memorandum been filed in correct form in the first instance. If the parties are unable to agree upon that amount, I will submit to whatever procedure the Court deems appropriate.

12.  I have already changed my practice to ensure that this does not recur. Going forward:

(a)  I will file no brief unless each quotation has been checked word-for-word against the cited source; each pin cite has been checked against the cited page; each parenthetical has been checked against the holding, reasoning, or relevant discussion of the case; and each legal proposition has been confirmed as fairly supported by the authority cited.

(b)  Any text generated or assisted by artificial intelligence will be treated as draft language only. No AI-assisted statement of law, case description, quotation, or citation will appear in a paper I file unless I have independently verified it against the original legal source.

(c) For dispositive motions and other significant filings, I will perform a separate citation-verification pass before filing, directed specifically to quotations, pin cites, parentheticals, and the fit between each cited authority and the proposition for which it is offered.

13.  I am also deeply concerned that my clients not be made to bear the consequences of my failure. The conduct at issue was mine. My clients did not prepare the citations, select the quoted language, verify the authorities, or make the filing decisions that gave rise to the Court's Order. Defendants retain substantial arguments for dismissal of this matter and should be permitted to have a Rule 12 motion decided upon properly verified briefs.

14.  I understand the gravity of this matter. The Court must be able to rely upon counsel to present authority accurately; opposing counsel must be able to respond to real authorities and accurate statements of law; and a client must be able to rely upon counsel not to generate unnecessary collateral proceedings. I failed in those obligations here. I respectfully ask that any remedy be tailored to correcting the record, avoiding prejudice to plaintiffs, protecting the Court's decisional process, and ensuring that this does not recur.

15.  I respectfully submit that this incident is aberrational. In 44 years of practice in Connecticut, I have never been sanctioned nor had my conduct found wanting by any court and have never been the subject of professional discipline. I offer this fact not to excuse what occurred, but because it may bear upon whether the errors

reflect a pattern of conduct and upon what remedial or deterrent response is necessary and proportionate under the circumstances.

16.  I respectfully ask the Court to accept this declaration as my acknowledgment of responsibility and as a request for leave to correct the record without depriving defendants of the opportunity to be heard upon properly verified submissions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 18, 2026, at Lyon, France.

HILARY B. MILLER